JONES, Circuit Judge,
concurring:
I am pleased to concur in Judge Higginson’s opinion, which follows the district court’s approach in holding that Squyres could not raise a genuine, material fact issue that his separation from the company was motivated by age discrimination. There is an easier path to this outcome, however. There is no genuine, material disputed issue that Squyres had any right to further employment by the Appellees when his three-year consulting contract expired by its own terms. The panel opinion accurately explains that the parties’ •relationship here was unique. Squyres had the only employment agreement in the company because it was part of the lucrative transaction in which he sold his business to S-Line. The Agreement guaranteed neither renewal nor extension of any kind after its three-year term of employment. Consequently, as Judge Higginson’s opinion notes, Appellees were not obliged to retain Squyres on the payroll, and he had no right to continue in his position. When the employment agreement terminated, Squyres did not suffer a material adverse employment action, i.e. a discharge. Berquist v. Washington Mut. *240 Bank, 500 F.3d 344, 349 (5th Cir.2007). Because of this deficiency, Squyres could not assert a prima facie case of discrimination.
That the Appellees here chose to negotiate with Squyres over potentially different, or lesser, employment following the end of the employment agreement gives Squyres no additional legal rights. We are cited to no decision holding that Title VII or the TCHRA may become a device to extend a bona fide employment contract beyond its fixed term. This is not a case of alleged failure to hire (or rehire) for discriminatory reasons; Squyres makes no claim that the company intended to hire someone else for his special position. This case also raises no inference of a pattern of selective, arguably discriminatory application of employment contracts. In sum, the interests of judicial efficiency and minimizing litigation costs would have been best served by a trial court ruling that the expiration of Squyres’s employment agreement eliminated his antidiscrimination claims. I do not understand Judge Higginson’s opinion to reject my conclusion, but only to rule on the factually more complex basis that Squyres failed to show pretext in the Appellees’ reasons why they did not reach a deal with him for further employment.